**Dean WRIGHT, Plaintiff–Appellant,**

v.

**William S. HALTER, Commissioner of the Social Security Administration,\* Defendant–Appellee.**

**No. 99–35831.**

**D.C. No. CV–98–01527–RE.**

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2001 \*\*.

Decided March 19, 2001.

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

Although two of the transferable "skills" the vocational expert identified, verbal skills and working with hands, do not appear to qualify as such skills under Soc. Sec. R. 82–41,[1] the remaining skills that he

---

\* William S. Halter is substituted for his predecessor as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. This Policy Statement provides that

   [a] skill is knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level .... It is practical and familiar knowledge of the principles and processes of an art, science or trade, combined with the ability to apply them in practice in a proper and approved manner. Soc. Sec. R. 82–41 at ¶ 2(a) (1982). The Statement also adds that "[s]kills refer to experience and demonstrated proficiency with work activities in particular tasks or jobs." *Id.* at ¶ 2(d).

identified do satisfy the Social Security Administration's definition of the term. Using those skills, the vocational expert testified that Mr. Wright could work as a gate guard, a telephone answering service operator, or a microfilm camera operator. His opinion provides substantial evidence for the ALJ's conclusion that Wright is not disabled within the meaning of the Act because he can perform other work in the national economy that does not require more skill or exertion than his past relevant work.

We affirm the remainder of the ALJ's decision for the reasons elaborated by the district court in its decision dated July 9, 1999.

AFFIRMED.